

**U.S. Department of Justice**

FILED
DISTRICT COURT
MARYLAND

2010 NOV 15 A 8: 51

CLERK'S OFFICE
AT BALTIMORE

BY ___ /s/ ___

United States Attorney
District of Maryland
Northern Division

Rod J. Rosenstein
United States Attorney

Richard C. Kay
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4850
MAIN: 410-209-4800
FAX: 410-962-9293
TTY/TDD: 410-962-4462

October 19, 2010

Dale P. Kelberman, Esquire
Miles & Stockbridge
10 Light Street
Baltimore, Maryland 21202-1487

    Re:  United States of America v. Nick's Amusements Inc.,
          Criminal No. JFM-10- 0662

Dear Mr. Kelberman:

    This letter confirms the plea agreement that has been offered to your client, **Nick's Amusements Inc.** ("Nick's Amusements" or "the company"), by the United States Attorney's Office for the District of Maryland ("this Office"). If **Nick's Amusements** accepts this offer, please have an authorized representative of **Nick's Amusements** execute it in the spaces provided below. **If this offer has not been accepted by October 29, 2010, it will be deemed withdrawn.** The terms of the agreement are as follows:

### Offense of Conviction

    1. **Nick's Amusements**, your client, agrees to waive indictment and to plead guilty to a one count Information charging **Nick's Amusements** with money laundering in violation of 18 U.S.C. section 1957. An authorized representative of **Nick's Amusements** admits that the company is in fact guilty of the offense charged, and will so advise the Court. The authority of the company's representative in this matter will be demonstrated by a written resolution of the governing body of the company, and this resolution shall be provided to government counsel along with the executed original of this agreement. Your client agrees that a copy of that resolution should be placed in the court record at the proceeding held pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

GOVT. EXHIBIT NO ___1___
CASE NO. JFM-10-0662
IDENTIFICATION: _____
ADMITTED: _____

2. In exchange for the **Nick's Amusements** plea, this Office agrees that, except as provided in paragraph 1 above, no criminal charges will be brought against the company or its current or former directors, officers, employees, agents, attorneys, owners, shareholders, or controlling persons for any acts, known to the Office, arising from or related to the investigation, which encompasses the facts outlined in the Statement of Facts that is set forth in paragraph 7.

### Elements of the Offense

3. The elements of the offense to which your client has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

    a) that **Nick's Amusements** engaged or attempted to engage in a monetary transaction having at least a de minimus effect on interstate commerce;

    b) that the transaction involved criminally derived property of a value greater than $10,000, which in this case is money derived from the operation of an illegal gambling business in violation of 18 U.S.C. section 1955;

    c) that the principals of **Nick's Amusements** knew that the property was derived from criminal activity; and

    d) that the criminally derived property was actually derived from specified unlawful activity, which in this case is the operation of an illegal gambling business in violation of 18 U.S.C. section 1955, which is identified as specified unlawful activity in 18 U.S.C. sections 1956(c)(7)(A) and 1961(1)(A).

### Penalties

4. The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows: a **fine of $500,000**. In addition, your client must pay $400 as a special **assessment** under 18 U.S.C. Section 3013, which will be due and should be paid at the time of sentencing. If a fine is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. section

3572(d), the Court orders otherwise.[1]

<u>Waiver of Rights</u>

5.  Your client understands that by entering into this agreement, it surrenders certain rights as outlined below:

(a)  If your client had persisted in a plea of not guilty, it would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if your client, this Office, and the Court all agreed.

(b)  The Defendant has the right to have this case presented to a grand jury, which would decide whether there is probable cause to return an indictment. By agreeing to proceed by way of Information, your client is giving up that right, and understands that the charges will be filed by the United States Attorney without the grand jury. If your client elected a jury trial, the jury would be composed of twelve individuals selected from the community. You and your client would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and you would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before your client could be found guilty of any count. The jury would be instructed that your client was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

(c)  If your client went to trial, this Office would have the burden of proving your client guilty beyond a reasonable doubt. Your client would have the right to confront and cross-examine the government's witnesses. Your client would not have to present any defense witnesses or evidence whatsoever. If your client wanted to call witnesses in its defense, however, it would have the subpoena power of the court to compel the witnesses to attend.

(d)  If your client were found guilty after a trial, it would have the right to appeal the verdict to see if any errors were committed which would require a new trial or dismissal of the charges against it.

(e)  By pleading guilty, the Defendant will be giving up

---

[1]  Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, your client understands that the authorized representative of **Nick's Amusements** may have to answer the Court's questions both about the rights it is giving up and about the facts of this case. Any statements an officer of **Nick's Amusements** makes during such a hearing would not be admissible against it during a trial except in a criminal proceeding for perjury or false statement.

(f) If the Court accepts your client's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find **Nick's Amusements** guilty.

### Advisory Sentencing Guidelines Apply

6. The Defendant understands that a sentencing guidelines range for this case (henceforth the "advisory guidelines range") will be determined by the Court pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991-998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range.

### Factual and Guidelines Stipulation

7. This Office and your client understand, agree and stipulate to the following statement of facts, which this office would prove beyond a reasonable doubt, and further agree to the following applicable sentencing guideline factors:

### Statement of Facts

If this case had gone to trial, this Office would produce evidence to prove the following:

**Nick's Amusements** is located in Baltimore County, Maryland. From in at least April 2003 through December 2008, **Nick's Amusements** placed a number of slot machines in more than five bars and restaurants in Baltimore County and elsewhere. Customers of those bars and restaurants operated those slot machines by placing money in a currency acceptor on the machine, which would allow one credit for each $.05 paid into the machine.

Each machine had a video screen that displayed icons in a random manner, and, through the element of chance, awarded the customer/player points or credits based on the combination of icons

displayed. For example, a video poker machine would display random combinations of playing cards and then would award points based on the value of the poker hand displayed. These points also were displayed on the video screen.

An employee of the restaurant/bar then helped to conduct the slot machine operation by paying the customer/player $.05 for each point displayed on the machine. For example, a customer/player who accumulated 1000 points on a slot machine would be paid $50. After paying, the employee then activated a point-clearing mechanism on the machine that returned the points to zero and allowed the machine operator to avoid paying more than once for the same points.

**Nick's Amusements** employees went to these bars/restaurants weekly to remove the cash from the machines, reimburse the bar/restaurant business owners for the cash paid out to customers/players during the week. By prior arrangement, the remainder was then split between the bar/restaurant business owners and **Nick's Amusements**.

A **Nick's Amusements** employee eventually took the **Nick's Amusements** portion of the cash proceeds from the slot machines and deposited it into Bank of America account ****-****-3897; such deposits were made at least before December 15, 2006. These funds were then transferred by wire or by check to other accounts. On December 15, 2006, **Nick's Amusements** caused a wire transfer of these funds in the amount of $35,000 to be made from Bank of America account ****-****-3897 and to Bank of America account ****-****-8753. According to the company account records, this transfer was made as a loan to a separate entity. Bank of America is engaged in interstate banking activity and maintains its main business offices in North Carolina.

<div align="center">APPLICABLE GUIDELINE FACTORS</div>

The parties stipulate that the base offense level is twelve (12) pursuant to section 2S1.1(a)(1) and 2E3.1(a)(1)(A) because the offense level for the underlying offense from which the funds were derived can be determined. The parties further stipulate that a **one (1) level increase** is appropriate pursuant to section 2S1.1(b)(2)(A) because the offense to which your client will plead guilty is in violation of 18 U.S.C. section 1957. The parties further stipulate that no increase is appropriate pursuant to section 2S1.1(b)(3) because the offense involved unsophisticated laundering. The parties further stipulate that no other specific offense characteristics are applicable. This yields an **adjusted**

**offense level of thirteen (13) pursuant to section 8C2.3(a).**

The parties further stipulate that the base fine is $60,000 pursuant to section 8C2.4(a)(1) and (d). The parties further stipulate that **the base Culpability Score is five (5)** pursuant to section 8C2.5(a) and that a **two (2) level decrease** is appropriate pursuant to section 8C2.5(g)(2) because the organization fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for the criminal conduct. Because no other culpability factors are applicable, **the final Culpability Score pursuant to section 8C2.5 is three (3).** This yields a minimum multiplier of 0.60 and a maximum multiplier of 1.20 pursuant to section 8C2.6. Consequently, **the fine range is $36,000 to $72,000** pursuant to sections 8C2.6 and 8C2.7.

8. This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. You have reserved the right to argue for a variance pursuant to the application of the factors in 18 U.S.C. section 3553(a) in the event that the Court does not accept the joint sentencing recommendation mentioned in paragraph 9(a) below.

## Sentencing

9. (a) The parties agree to make a joint recommendation that the Court impose a fine of $50,000 at the sentencing of this case. Nick's Amusements agrees not to own, possess, or operate any illegal slot machines, as that term is defined in Maryland Code, Criminal Law Section 12-301, so long as the possession or operation of such slot machines is prohibited under Maryland law. Because of this specific agreement not to own, possess, or operate illegal slot machines, the parties agree to recommend to the Court that probation is not necessary, provided that the fine imposed by the Court is paid within seven (7) business days of sentencing. The parties also agree to recommend that, because of the agreed-upon sentencing recommendation, the Court dispense with any presentence report and impose the foregoing recommended sentence on the same date that the company's plea is accepted.

(b) The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning your client's background and conduct.

### Waiver of Appeal

10. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a) The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b) The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's culpability score, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any fine), except as follows: (i) the Defendant reserves the right to appeal any fine to the extent that it exceeds $72,000; (ii) and this Office reserves the right to appeal any fine to the extent that it is below $36,000.

   c) Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d) The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency or from Baltimore County.

### Obstruction or Other Violations of Law

11. Your client agrees that it will not commit any offense in violation of federal, state or local law between the date of this agreement and the sentencing in this case. In the event that your client (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under section 3C1.1 of the Federal Sentencing Guidelines, or (ii) fails

-7-

to accept responsibility for the charged conduct by failing to acknowledge guilt to the probation officer who prepares the presentence report, or (iii) commits any offense in violation of federal, state or local law, then this office will be relieved of its obligations to your client as reflected in this agreement. Specifically, this office will be free to argue sentencing guideline factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of your client's obstructive or unlawful behavior and/or failure to acknowledge responsibility by a preponderance of the evidence. Your client acknowledges that it may not withdraw the guilty plea because this office is relieved of its obligations under the plea agreement pursuant to this paragraph.

<div style="text-align:center"><u>Court Not a Party</u></div>

12. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw this guilty plea, and will remain bound to fulfill all of its obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

13. This agreement supersedes any prior understandings, promises, or conditions between this Office and the Defendant and constitutes the complete plea agreement in this case. There are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have an authorized representative of **Nick's Amusements** sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

Richard C. Kay
Assistant United States Attorney

On behalf of **Nick's Amusements**, I accept and agree to each and every term of this agreement. As is demonstrated by the corporate resolution that is annexed hereto as **Exhibit A**, I have authority to bind **Nick's Amusements** to this agreement. I further state that the company has entered into this agreement after reading it fully and carefully reviewing every part of it, including the Statement of facts and the Sentencing Guidelines Stipulations, with its attorney, Dale Kelberman, Esquire. **Nick's Amusements** understands this agreement and voluntarily agrees to it. No other promises or inducements have been made to **Nick's Amusements** other than those contained in this letter. In addition, no one has threatened **Nick's Amusements** or forced **Nick's Amusements** in any way to enter into this agreement. Finally, **Nick's Amusements** is fully satisfied with its legal representation by its attorney.

Date: 1/26/10

John Zorzit
Manager, Nick's Amusements

I am **Nick's Amusements'** attorney. I have carefully reviewed every part of this agreement with the appropriate corporate

-9-

officials, including the authorized representative of the Company whose signature appears above. To my knowledge, **Nick's Amusements'** decision to enter into this agreement is an informed and voluntary one, and the Board of Directors of **Nick's Amusements** has authorized the company to accept this agreement. The representations contained in this agreement are true to the best of my knowledge, information, and belief.

Oct. 26, 2010
Date

_____
Dale Kelberman, Esquire

## RESOLUTION OF DIRECTORS OF NICK'S AMUSEMENTS INC.

The undersigned, being the directors of Nick's Amusements Inc., a Delaware corporation (hereinafter the "Company"), consent to and approve the adoption of the following resolution and the recording of this resolution among the organizational documents of the Company:

> RESOLVED: That John Zorzit, President of the Company, and Dale P. Kelberman, Esq., Counsel for the Company, are hereby authorized and directed to execute and enter into the plea agreement offered by the United State's Attorney's Office for the District of Maryland and dated October 19, 2010, and to execute any other documents necessary to effect the terms of the plea agreement.
>
> FURTHER RESOLVED: That the Company shall enter a plea of guilty to a one count Information charging the Company with a violation of 18 U.S.C. section 1957.
>
> FURTHER RESOLVED: That Dale P. Kelberman, Esq. is hereby authorized and directed to appear in United States District Court for the District of Maryland to enter a plea of guilty, in the name and on behalf of the Company, to a violation of 18 U.S.C. section 1957.
>
> FURTHER RESOLVED: That John Zorzit is hereby authorized and directed, in the name and on behalf of the Company, to take any and all actions and to execute, acknowledge, seal, and file any and all instruments and documents deemed by him to be necessary or advisable to effectuate the foregoing resolution.

IN WITNESS WHEREOF, the undersigned have caused this Resolution to be signed and sealed as of the _26th_ day of October, 2010.

WITNESS:                                   NICK'S AMUSEMENTS INC.

_[signature: Margaret A Bowen]_            By _[signature]_ _____(SEAL)
                                               Nick's Amusements Inc.
                                               John Zorzit, President

_____            By_____(SEAL)

_____            By_____(SEAL)

Client Documents:4812-5082-5479v1|18643-000013|10/18/2010